UNITED STATES DISTRICT COURT
United States District Court for the District of Colorado

Wade A. Williams
    Plaintiff,

'12 - CV - 00567

                      Case No. _____

-v-

THE BRACHFELD LAW GROUP
ERICA LYNN BRACHFELD
MARTIN S. BRACHFELD
JONATHAN W. BIRDT
    Defendants.

Plaintiff Wade A. Williams hereby alleges as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection and reporting practices by many debt collectors, and has determined that abusive debt collection and reporting practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA"), to eliminate abusive debt collection and reporting practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection and reporting practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Colorado legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection and reporting of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. To protect the consumers from deceptive collection and reporting activities, the Colorado Legislature wrote the Colorado Fair Debt Collection Practices Act, Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq. (hereinafter "CFDCPA") and Colorado Consumer Credit Reporting Act Colorado Revised Statute Title 12, Article 14.3, Section 101, et seq. (12-14.3-101) et seq. (hereinafter "CCCRA").

3. This is an action for damages brought for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq., and the Colorado Fair Debt Collection Practices Act, Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq. with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages. Wade A. Williams has been damaged by the actions of Brachfeld Law Group (hereinafter "BLG"), Erica Lynn Brachfeld, a.k.a Erica Lynn Brachfeld Shubin (hereinafter

"Erica Brachfeld"), Martin S. Brachfeld (hereinafter "Martin Brachfeld") and Jonathan Birdt (hereinafter "Birdt").

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

9. This is an action for damages which exceed $1,000.00.

10. Plaintiff, Wade A. Williams, is a natural person and is a resident of the State of Colorado.

11. Upon information and belief, at all relevant times, Brachfeld Law Group, P.C. ("BLG") was a professional corporation doing business in the State of California and with the principle place of business in El Segundo, California. BLG is a debt collector

within the meaning of 15 U.S.C. § 1692a(6) and a collection agency within the meaning of CFDCPA, 12-14-103(2)(a).

12. . Plaintiff is informed and believes that BLG was founded by Erica Brachfeld and previously operated as Brachfeld and Associates, P.C.

13. Upon information and belief, Erica Lynn Brachfeld, is a natural person and at all relevant times was and is a resident of the State of California, was licensed to practice law in the State of California, and the principal owner of the Brachfeld Law Group, P.C. Erica Brachfeld is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

14. Upon information and belief, Martin S. Brachfeld, is a natural person and at all relevant times was and is a resident of the State of California. Plaintiff is informed and believes that Martin S. Brachfeld and/or corporate entities he controls as his alter egos (collectively Martin Brachfeld) purchase old defaulted debt in batches; Martin Brachfeld is in the business of collecting on debts alleged due to others; and Martin S. Brachfeld is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

15. Upon information and belief, Jonathan W. Birdt , is a natural person and at all relevant times was and is a resident of the State of California, was licensed to practice law in the State of California, and the General Counsel of the Brachfeld Law Group, P.C. Jonathan w. Birdt is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

16. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

17. On or about July 16th, 2011, Plaintiff received presentment in mail from BLG alleging a non-existent debt.

18. The Defendant's representations stated in their July 16th, 2011 presentment were false and were false representations in connection with the collection of a debt, the Account.

19. On or about October 23, 2011 Plaintiff sent BLG a demand for validation that stated the account was in dispute. As of the filing date of this complaint, Williams has not received validation of this debt.

20. On or about September 23rd, 2011, Plaintiff received a second presentment in mail from BLG alleging a debt.

21. The Defendant's representations stated in their September 23rd, 2011 presentment were false and were false representations in connection with the collection of a debt, the Account.

22. On or about December 29th, 2011 Plaintiff sent BLG a notice of pending lawsuit as an attempt to settle this issue without resorting to litigation. Plaintiff has yet to receive a response with a firm offer to mitigate.

23. When BLG is demanded during Discovery of this case to produce validation of this account, Plaintiff will show that BLG could not have validated account in compliance with FDCPA and CFDCPA.

24. When BLG is demanded during Discovery of this case to produce validation of this account Plaintiff will show that BLG could not have validated account in compliance

with common case law related to debt validation. Case law that Plaintiff will use to show validation requirements are Pacific Concrete F.C.U. V. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn.1 (1986). and Solon v. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N. E.2d 1045 (3Dist. 1987).

25. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in Plaintiff's favor." Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010). Also see Doshay v. Global Credit and Collection Corporation, ---F.Supp. ---, 2011 WL 2669164, page 4 (D.Colo. July 7, 2011) for the same holding.

26. Defendant received emails from Birdt at BLG on February 14th, 16th, 17th and 18th, 2012. Defendant also received two emails from Birdt at BLG on February 15th, 2012. Although Birdt and BLG are debt collectors, proper legal disclosure was not given to defendant per FDCPA and CFDCPA. This is a violation of FDCPA U.S.C. § 1692 e(11) Communication failed to contain the mini-Miranda warning: "This is an attempt to collect a debt... communication is from a debt collector."

27. The alleged debt is a consumer debt: a debt that Williams allegedly incurred on a personal credit card.

28. Williams disputes the validity of the debt and the validity of the defendants' claims regarding the alleged debt.

29. Although the purported debt allegedly was Chase Bank, Plaintiff is informed and believes that Chase no longer has any interest in the alleged debt.

30. Plaintiff contends that the illegal actions of Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY ALL DEFENDANTS**

31. Paragraphs 1 through 30 are realleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692.

33. Defendants BLG, Erica Brachfeld, Martin Brachfeld and Birdt are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

34. Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt negligently violated the FDCPA. Defendants' violations include, but are not limited to, the following:
(a) Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person

(b) Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d) Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt violated 15 U.S.C. §1692e(11) by sending emails failing to contain the mini-Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector."

## SECOND CLAIM FOR RELIEF
### VIOLATIONS OF COLORADO FAIR DEBT COLLECTION PRACTICES ACT (CFDCPA), COLORADO REVISED STATUTE TITLE 12, ARTICLE 14, SECTION 101, et seq. (12-14-101) BY ALL DEFENDANTS

35. Paragraphs 1 through 30 are realleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the CFDCPA (12-14-101)(4).

37. Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt are collection agencies within the meaning of the CFDCPA, 12-14-103(2)(a).

38. Defendants BLG, Erica Brachfeld, Martin Brachfeld, and Birdt negligently violated the CFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendants violated CFDCPA (12-14-105)(c) by not including the mandatory statement: "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE

WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM." on any of their presentments.

(b) Defendants violated CFDCPA (12-14-105)(c) by not including mandatory statements regarding a consumer's rights to request cessation of communications.

(c) Defendants violated CFDCPA (12-14-107)(I) by presenting false and misleading representations of the character, amount and legal status of an alleged debt.

(d) Defendants violated CFDCPA (12-14-108)(a) by using unfair practices in the attempt to collect amount including interest, fee, charge, and expense incidental to the alleged principle obligation without such amount expressly authorized by agreement creating the debt or permitted by law.

(e) Defendants violated CFDCPA (12-14-109) by not validating a debt within five days after the initial communication of the debt.

## **RESPONDEAT SUPERIOR**

39. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

40. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

41. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

42. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

43. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

44. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

45. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

46. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

*[signature]*

Wade A. Williams
13843 Fairfax Street
Thornton, Co 80602
(720) 515-9233