**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 12-cv-00567-REB-MEH

WADE A. WILLIAMS,

Plaintiff,

v.

THE BRACHFELD LAW GROUP,
ERICA LYNN BRACHFELD,
MARTIN S. BRACHFELD, and
JONATHAN W. BIRDT,

Defendants.

---
**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**
---

COME NOW The Brachfeld Law Group ("Brachfeld"), Erica Lynn Brachfeld, Martin Brachfeld, and Jonathan W. Birdt (collectively, the "Defendants"), by and through their counsel, Adam L. Plotkin, P.C., and for their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), state as follows:

## I.  INTRODUCTION

The gravamen of Plaintiff's complaint is that Brachfeld violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (the "FDCPA") by allegedly failing to validate a debt upon timely demand. *Plaintiff's Complaint*, ¶¶ 17-19, 23-24. However, as set forth below, Plaintiff, by his own admission, failed to request timely validation. Accordingly, the facts alleged do not identify any violation of the FDCPA with respect to the alleged failure to timely validate the debt.

## II.    FACTUAL BACKGROUND

On July 16th, 2011, Brachfeld sent Plaintiff an initial demand letter advising he has thirty (30) days to request validation. *Plaintiff's Complaint*, ¶17.  Brachfeld sent a Second letter on September 23, 2012.  *Plaintiff's Complaint*, ¶20.  On October 23, 2011, Plaintiff disputed the debt and requested validation.  *Plaintiff's Complaint*, ¶19.

There are no other factual allegations in the Complaint with respect to the alleged failure to timely validate the debt other than suggestions of what discovery might show.  Plaintiff states in the Complaint that on December 29, 2011 he sent a notice of pending lawsuit demanding a settlement (*Plaintiff's Complaint,* ¶ 22) and also references communication with General Counsel for Brachfeld regarding settlement of this lawsuit and validation of the debt occurring after February 14, 2012 (*Plaintiff's Complaint,* ¶ 26), but as noted, those communications related to the pending lawsuit and not the collection of a debt.  While Plaintiff's Complaint suggests that the discovery conducted in this matter might reveal a violation of some act of law, he does not state any facts establishing any current violation of law.

## III.    RULE 12(b)(6) STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides grounds for dismissal when the Plaintiff has failed "to state a claim upon which relief can be granted." In considering a motion to dismiss, the Court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party." Realmonte v. Reeves, 169 F.3d 1280, 1283 (10th Cir. 1999). The relevant "inquiry is whether the complaint contains enough facts to state a claim for relief that is plausible on its face." Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2009) (citing Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)). To survive a

motion to dismiss, a plaintiff must "nudge his claims across the line from conceivable to plausible." Schneider, 493 F.3d at 1177 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Cory v. Allstate Ins., 583 F.3d 1240, 1244 (10th Cir. 2009) (quoting *Hall v. Bellman,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

## IV.  FAILURE TO VALIDATE DOES NOT VIOLATE THE FDCPA

Upon receipt of a timely request for validation, a collector has two choices- validate or cease activities.  Plaintiff alleges that Brachfeld did not validate the debt, but also does not allege, and in fact, specifically states, that Brachfeld did not respond to him in any way, thus there is no violation.  The plain language of § 1692g(a) does not actually require validation to be sent to a debtor within a certain amount of time, or ever. Read together, §§ 1692g(a) and 1692g(b) provide that a debt collector must "cease" collecting a debt until the debt collector has verified the debt and sent that verification to the debtor. The provisions do not require both cessation of collection efforts and verification of a debt.  As stated by the court in Guerrero v. RJM Acquisitions LLC, 499 F.3d 926 (9th Cir. 2007):

> ….the Act requires a debt collector who receives notice that a consumer disputes an alleged debt to cease collection efforts *until* it provides the consumer with verification of the debt. The Act does not impose an independent obligation to verify a debt where the collector ceases all collection efforts directed at the consumer.

Id., at 929-30

Further, as stated by the court in Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Hawaii 2002):

> The Seventh Circuit has held that the dismissal of an FDCPA claim is proper even though the debt collector has no intention of ever itself

3

> providing verification, notwithstanding the validation notice letter that stated that such validation would be provided. The Seventh Circuit concluded that "the statute requires only that a debt collector cease all collection activity until verification of the debt is provided to the debtor." It held that "Section 1692g(b) thus gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities." *Id.* The Sixth Circuit has reached a similar conclusion. Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1031–32 (6th Cir.1992) (stating that the FDCPA is not violated when a debt collector ceases collecting a debt even though the debt was not verified).

Id. at 1242.

Accordingly, there is no doubt that the FDCPA prohibits collections activities after a timely request for debt validation, until validation is provided. Moreover, liability is considered strict because of the technical nature of this statute. But for this same reason, a pleading must identify the violation with plain and simple facts establishing the violation. Here, Plaintiff correctly states that the initial validation letter was sent on July 16, 2011 (*Plaintiff's Complaint,* ¶ 17). Plaintiff alleges that he sent a written demand for validation on or about October 23, 2011 (*Plaintiff's Complaint*, ¶ 19), well after the 30 day period set forth in § 1692g(b) of the FDCPA. Further, Plaintiff does not allege that any collection activity occurred after October 23, 2011, only allegations about communications with Brachfeld's General Counsel regarding the threatened lawsuit (*Plaintiff's Complaint,* ¶¶ 22, 26).

## V.   CONCLUSION

Plaintiff contends Brachfeld is liable for failing to respond to his request for validation of a debt; however, Plaintiff is apparently unaware of the choice a collector has to cease collection activities, and Plaintiff does not allege Brachfeld engaged in any collection activity after his demand for validation. Instead, Plaintiff complains that Brachfeld did nothing, which is not in

dispute, but which also does not create liability under the FDCPA. As such, it is respectfully submitted that Plaintiff's claim in this regard be dismissed.

WHEREFORE, Defendants respectfully request that Plaintiff's claims relating to an alleged failure to validate the debt be dismissed, and for such other relief as the Court deems appropriate.

DATED this 30th day of March, 2012.

Respectfully submitted,

Adam L. Plotkin, P.C.

By: /s/Steven J. Wienczkowski
_____
Steven J. Wienczkowski, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 382-0528
FAX: (303) 302-6864
swienczkowski@alp-pc.com
Attorneys for Defendant

### Certificate of Service

I hereby certify that on March 30, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a copy of the same was placed in the United States Mail, postage pre-paid, addressed to the following:

Wade A. Williams
13843 Fairfax Street
Thornton, Colorado 80602

By: /s/Steven J. Wienczkowski
_____
Steven J. Wienczkowski, Esq.