UNITED STATES DISTRICT COURT
United States District Court for the District of Colorado

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR - 4 2012
GREGORY C. LANGHAM
CLERK

Wade A. Williams
    Plaintiff,

Case No. 12-cv-00567-REB-MEH

-v-

THE BRACHFELD LAW GROUP
ERICA LYNN BRACHFELD
MARTIN S. BRACHFELD
JONATHAN W. BIRDT
    Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny defendant's motion for summary judgment and states the following:

## Introduction

1. Plaintiff is Wade A. Williams; defendants are Brachfeld Law Group (hereinafter "BLG"), Erica Lynn Brachfeld, a.k.a Erica Lynn Brachfeld Shubin (hereinafter "Erica Brachfeld"), Martin S. Brachfeld (hereinafter "Martin Brachfeld"), and Jonathan Birdt (hereinafter "Birdt").

2. On March 5th, 2012 plaintiff sued defendants for violation of the Fair Debt Collections Practices Act (hereinafter FDCPA) and The Colorado Fair Debt Collections Practices Act (Hereinafter CFDCPA)..

3. On March 30th, 2012 defendants filed a motion for summary judgment on plaintiff's cause of action for violations of the FDCPA.

4. Summary Judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FDCPA: illegal collection activities.

## Statement of Facts

5. In the defendant's motion to dismiss, the motion only disputes one of the complaint's claims for relief. In the complaint there are two claims for relief. The second claim is not disputed.

6. The motion to dismiss first claim is for violations of the FDCPA. There are four violations of the FDCPA listed in the complaint, ¶ 34. Three violations are not disputed. Fair Debt Collection Practices Act (FDCPA) is strict liability statute, and consumer need only show one violation of its provisions to establish FDCPA claim. *See O'Connor v. Check Rite, Ltd.,* D.Colo.1997, 973 F.Supp. 1010.

7. In the introduction to defendant's motion to dismiss, it states that "…Plaintiff, by his own admission, failed to request timely validation". This is not accurate. Plaintiff, through his attorneys repeatedly asked for the original alleged creditor to validate this debt. Also Plaintiff can show documentation of disputing this debt as early as August of 2010.

8. In the introduction and again in in section IV to defendant's motion to dismiss, it states that after the BLG was in receipt of a dispute, they ceased collection efforts. This is disputed by the plaintiff.

9. After disputing the debt, plaintiff received an email from Birdt stating, "If you would like the bill of sale and account statements I would be happy to send them, and if you would like to settle your debt I would be happy to help you with that as well." This is documented in attached affidavit.

10. There is no documentation whatsoever annexed to the defendant's pleading to evidence any contract or any other visible evidence of any alleged "account" with a Wade A. Williams.

11. There are no documents purporting to evidence a transfer of ownership of the alleged "account" to BLG or any documentation showing the actual existence of any alleged "account" from Chase or any other entity alleged to be in the chain of ownership.

12. There is no verified evidence **in any form** that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged "account", current status, or dates and terms of transfer of ownership of the alleged "account".

13. Other than simple generic and non-specific statements in an email made by an attorney who works for the defendant (Birdt) there is no evidence in any form of any "account" of Wade A. Williams existing that would allow any purpose for the defendants to collect on any account of the plaintiff under the FDCPA.

## **Standard of Review**

14. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

15. A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendants cannot rely on

conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendants meet their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

16. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

## Argument

17. For the defendants to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had met defendant's responsibility of the FDCPA.

18. The defendants must therefore prove **through evidence before the court** rather than conclusory statements or speculation that they had met defendant's responsibility of the FDCPA.

19. There is no evidence offered by the defendants.

20. There is not one document in the record submitted by defendants as <u>verified evidence</u> to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any other identifying information regarding the alleged account.

21. There is no verified evidence regarding chain of ownership before the court.

22. The statements in defendants' motion has no other evidence to support the motion as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555.

## Summary Judgment Evidence

23. In support of his response, plaintiff includes the following evidence in the attached appendix:

   a. Affidavits. The affidavit of Wade A. Williams establishes the fact that there is no evidence before the court that there is an account of Wade A. Williams in existence or that BLG is the owner of the account and would have any right to collect on the disputed account. The affidavit of Wade A. Williams also establishes the fact that Birdt did

attempt to collect the alleged debt without validating the debt or giving proper disclosure with a "mini-Miranda".

## Conclusion

29. The defendants have not met their burden to show there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props.*, 140 F.3d at 625. The defendants have proffered nothing more than a dispute about one of the facts stated in one of the two causes of actions. The other three facts in the first cause of action were not addressed. None of the facts related to the second cause of action were addressed in the defendants' motion for summary judgment.

WHEREFORE, because the Defendants' have failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendants' motion for summary judgment and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

*/s/ Wade A. Williams*
Wade A. Williams
13843 Fairfax Street
Thornton, Colorado 80602
(720) 515-9233

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the persons listed below:

Steven J. Wienczkowski, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933

By:

*/s/ Wade A. Williams*
Wade A. Williams
13843 Fairfax Street
Thornton, Colorado 80602
(720) 515-9233

## AFFIDAVIT

NOW COMES the Affiant, Wade A. Williams of Thornton, Colorado who is over the age of 21 years, competent to testify, and declares as follows under penalty of perjury regarding Case No.12-CV-00567 Wade A Williams v Brachfeld Law Group (hereinafter "BLG"), Erica Lynn Brachfeld, a.k.a Erica Lynn Brachfeld Shubin (hereinafter "Erica Brachfeld"), Martin S. Brachfield (hereinafter "Martin Brachfeld"), and Jonathan Birdt (hereinafter "Birdt"):

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that BLG is the owner of any account of Wade A Williams.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that BLG acquired any account of Wade A Williams from NVLV.

3. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that BLG acquired any interest in any account of Wade A. Williams from anyone.

4. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any account of Wade A. Williams that originated with NVLV where there is any balance due and owing that could be collected by BLG.

5. That Affiant/Plaintiff is in receipt of an email dated February, 15th 2011 from Birdt.

6. In the email received by Affiant/Plaintiff from Birdt dated February, 15th 2011 part of the text reads as follows: "If you would like the bill of sale and account statements I would be happy to send them, and if you would like to settle your debt I would be happy to help you with that as well."

7. In the email received by Affiant/Plaintiff from Birdt dated February, 15th 2011 part of the attached text reads as follows: "Jonathan Birdt, Esq.,General Counsel, The Brachfeld Law Group"

<u>NOTARY'S VERIFICATION</u>

STATE OF COLORADO  §
§
COUNTY OF Adams  §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Thornton, Colorado
Date: 4-2-12

_____
Wade A. Williams

Name of Notary Ann Myong
Signature of notary _____    seal

Expires 11/04/2015